THE STATE OF OHIO, APPELLEE, *v.* SPEAKS, APPELLANT.

(No 825—Decided January 10, 1969.)

*Mr. Everett Burton,* prosecuting attorney, for appellee.

*Mr. Raymond T. Switalski,* for appellant.

GRAY, J. This cause is in this court on an appeal from a judgment of the Court of Common Pleas of Scioto County wherein defendant was found guilty of the charge of escape from confinement.

Defendant, feeling aggrieved by this judgment, filed his notice of appeal and assigned the following error:

"1. The Court of Common Pleas erred in refusing to direct the jury to render a verdict of not guilty at the conclusion of the evidence."

In February 1964, defendant was indicted by the Grand Jury of Licking County for failure to provide. Defendant, while represented by counsel hired by himself, entered a plea of guilty. Defendant was placed on probation for three years.

On August 12, 1965, defendant was brought before the Common Pleas Court of Licking County to show cause why his probation should not be revoked. Defendant ap-

peared without counsel at this hearing. His probation was revoked.

Subsequently, he was sent to the Shawnee Honor Camp, Scioto County. He was later indicted for escaping from confinement of that camp, in violation of Section 2901.11, Revised Code.

Defendant's contention is that since his probation was revoked at a time when he was not represented by counsel such confinement at Shawnee Honor Camp was not legal and his conviction of the charge of escape from confinement was, therefore, illegal. Defendant cites the case of *Mempa* v. *Rhay*, 389 U. S. 128, 19 L. Ed. 2d 336, 88 S. Ct. 254, as controlling. That case stands for the proposition that appointment of counsel for an indigent defendant is required at every stage of a criminal proceeding where substantial rights of a criminal accused may be affected. The United States Supreme Court held that revocation of probation and imposition of sentence was a stage of a criminal proceeding where substantial rights of the accused were involved.

Defendant maintains that the principle enunciated in the *Mempa case* is conclusive of the matter. However, we believe that there is a further question involved. The state in its brief admits that defendant appeared at the hearing where his probation was revoked without the presence of counsel. The question then arises, could defendant be guilty of the crime with which he was charged in Scioto County, to wit, that of escape from confinement, under the conceded facts?

We think that defendant's position is untenable and that he can be guilty of the charge of escape from confinement under the facts and circumstances he alleges.

*Mempa* v. *Rhay* was decided by the United States Supreme Court on November 13, 1967. On December 8, 1967, the case of *Laws* v. *United States*, 386 F. 2d 816, was decided, which held that the sentence imposed for escape from confinement is not affected by the validity of the sentence being served at the time of the escape.

See also *Crawford* v. *Taylor,* 290 F. 2d 197, 198, and cases therein cited.

Escape from custody cannot be justified on the basis that the sentence was subsequently set aside. *Jones* v. *Hale*, 278 F. Supp. 166, 168, and cases cited. *Kelly* v. *North Carolina*, 276 F. Supp. 200.

It should be remembered that invalidation of the erroneous judgment through proper review would not, *per se*, entitle the defendant to his freedom, but only to the right to have a new, and fair, hearing if it is determined that he did not have one. Where a prisoner considers his confinement improper, he is compelled, in order to test its validity, to follow the procedures which have been set up for that purpose.

It is stated in another way in *Mullican* v. *United States*, 252 F. 2d 398, in the tenth paragraph of the headnotes, which reads as follows:

"Remedies are available for procuring, through legal process, release of those who are unlawfully held in custody, and doctrine of self help is not available to a prisoner in penal or correctional institution; and, therefore, defendant could be convicted for escape even if his confinement was unlawful at the time of his escape."

The rationale of this position is well described in *Aderhold, Warden*, v. *Soileau* (C. C. A. 5, 1933), 67 F. 2d 259, at page 260:

"* * *A prisoner in a penal institution whose sentence is irregular or voidable may not for that reason, and before some court has so adjudged, defy his guards and run away. A difference of opinion might cause a death. Such a doctrine would set discipline at naught. * * * We are of opinion that attempts at escape from such institutions are thereby forbidden to all inmates, and that, if they consider their confinement improper, they are bound to take other means to test the question."

For the above reasons the judgment of the trial court is affirmed.

*Judgment affirmed.*

CARLISLE, P. J., and ABELE, J., concur.