THE STATE OF OHIO, APPELLEE, *v.* HOWARD, APPELLANT.

[Cite as State v. Howard, 20 Ohio App. 2d 347.]

(No. 690—Decided March 3, 1969.)

Mr. *Reynold C. Hoefflin,* prosecuting attorney, for appellee.

Mr. *James D. Davis* and Mr. *James W. Carpenter,* for appellant.

KERNS, P. J. The defendant, Russell Howard, was tried by jury in the Court of Common Pleas of Greene County and found guilty of violating Section 2901.11, Revised Code, which provides that "no person shall escape * * * from any confinement or restraint imposed as a result of a criminal * * * proceeding." From the judgment and sentence thereafter entered by the trial court, Howard has appealed to this court on questions of law.

Although the validity of the judgment has been challenged on three separate grounds, we find no merit in either the second or third assignments of error. However, the first specification of error has produced some difficulty in the light of the pronouncement of this court in the case of *State* v. *Ferguson* (1955), 100 Ohio App. 191. In epitomized form, the *Ferguson case* stands for the proposition that an indictment for escape cannot be predicated upon unlawful confinement, and the defendant in the present case relies principally upon that case to support his initial contention that "the evidence in the record is insufficient to show that the defendant was legally confined on the day he allegedly escaped."

As a result of rules promulgated by the United States Supreme Court, the criminal law has experienced drastic

change since the decision of this court in the *Ferguson case*, and in view of the large number of inmates clamoring for release from Ohio penal institutions on constitutional grounds, any express or implied sanction of escape or attempted escape as a device to test the validity of confinement would be an invitation to chaos and confusion. Hence, the case of *State* v. *Ferguson*, insofar as it holds that an escape charge must be based upon lawful confinement, is hereby overruled.

In our opinion, the better rule was adopted in the case of *Laws* v. *United States*, 386 F. 2d 816, which holds that the sentence imposed for escape from confinement is not affected by the validity of the sentence being served at the time of the escape. The reason for this position was explained in the case of *Aderhold, Warden,* v. *Soileau*, 67 F. 2d 259, where the court said:

"* * * A prisoner in a penal institution whose sentence is irregular or voidable may not for that reason, and before some court has so adjudged, defy his guards and run away. A difference of opinion might cause a death. Such a doctrine would set discipline at naught. * * * We are of opinion that attempts at escape from such institutions are thereby forbidden to all inmates, and that, if they consider their confinement improper, they are bound to take other means to test the question."

A similar view was taken in the comparatively recent case of *State* v. *Speaks* (1969), 17 Ohio App. 2d 129, where the syllabus provides as follows:

"The sentence imposed for escape from confinement is not affected by the validity of the sentence being served at the time of the escape, and, where a prisoner considers his confinement improper, he is compelled, in order to test its validity, to follow the procedures which have been set up for that purpose. Under such circumstances the doctrine of self help is not available to him."

Accordingly, the first assignment of error is overruled.

This court, finding no prejudicial error in the record, affirms the judgment of the trial court.

*Judgment affirmed.*

SHERER and CRAWFORD, JJ., concur.