[No. 5540-0-III.  Division Three.  April 5, 1984.]

THE STATE OF WASHINGTON, *Respondent,* v. ROBERT B. GONZALES, *Appellant.*

*Katherine M. Steele,* for appellant (appointed counsel for appeal).

*C. J. Rabideau, Prosecuting Attorney,* and *Philip A. Meyers* and *Pamela Cameron, Deputies,* for respondent.

GREEN, J.—Defendant was a resident of the Department of Corrections Tri–Cities Work Release Facility in Pasco. On the morning of April 3, 1982, he checked out of the facility for work, noting the name of the employer and the time he would return. Upon attempting to verify his notations, correction officials learned the listed place of employment was closed and he was not there. Defendant returned to the facility approximately 2½ hours late. Upon being told his work release status was suspended, he ran from the facility. Defendant was later apprehended, charged and convicted of escape in the first degree under RCW 9A.76-.110(1). He appeals.

First, defendant claims the conviction should be set aside on the theory of double jeopardy. This contention is based upon the court dismissing but later reinstating the escape charge. He argues the dismissal was tantamount to an acquittal and the subsequent conviction placed him twice in jeopardy. We disagree.

The dismissal was based upon the court's pretrial determination that defendant could only be charged under RCW 72.65.070 for willful failure to return to the facility under *State v. Danforth,* 97 Wn.2d 255, 643 P.2d 882 (1982). On reconsideration, the court determined its ruling was incorrect because the defendant returned to the facil-

ity, but thereafter left without permission. In light of these circumstances, the court determined the dismissal should not have been granted and therefore the escape charge was reinstated. This determination was made before the jury had been impaneled or the court had begun receiving the evidence; hence, jeopardy did not attach. *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 51 L. Ed. 2d 642, 97 S. Ct. 1349, 1353 (1977).[1]

Likewise, the contention defendant should have been charged for willful failure to return to the facility, rather than escape, is not meritorious. Defendant did return; his running from the facility without permission gives rise to the escape charge. *See State v. Thompson,* 35 Wn. App. 766, 769, 669 P.2d 1270 (1983).

Finally, defendant contends the State failed to prove the elements of first degree escape, RCW 9A.76.110. That statute provides:

(1) A person is guilty of escape in the first degree if, being detained pursuant to a conviction of a felony or an equivalent juvenile offense, he escapes from custody or a detention facility.

He claims he was not in lawful custody because the convictions which led to his incarceration were based on constitutionally infirm guilty pleas. These contentions must be rejected.

We agree with the observation in Judge Scholfield's dissent in *State v. Thompson, supra* at 774:

The gravamen of the crime of escape is a defendant's defiance of lawful custodial authority and deliberate violation of a judgment directing his or her confinement. The orderly and rational administration of the criminal justice system requires that the judgment be treated as a valid conviction until a court with jurisdiction rules otherwise.

The escape statute, RCW 9A.76.110, requires only that the escape occur while defendant is being detained "pur-

---

[1]*State v. Dowling*, 98 Wn.2d 542, 656 P.2d 497 (1983), relied on by defendant, is distinguishable. That case involved a motion to dismiss at the close of the State's case.

suant to a conviction of a felony". Thompson was being detained "pursuant to a conviction of a felony" whether or not the conviction is subject to attack. The language of the statute contains no suggestion of a legislative intent that the conviction could not be used in a prosecution for first degree escape if it was vulnerable to collateral attack.

This approach appears to be supported by the weight of authority[2] and, in our view, is the better rule. As the court in *Commonwealth v. Stanley*, 265 Pa. Super. 194, 203, 401 A.2d 1166, 1171 (1979), observed:

> The reason for this rule is obvious—the difficulties of prison administration would be intolerable if each prisoner was permitted to "go over the wall" as a means of testing the legality of his incarceration, rather than utilizing the customary means of administrative and judicial redress.

(Footnote omitted.) Defendant was detained pursuant to convictions for two felonies at the time he left the facility without permission. So long as the convictions had not been set aside, they were valid and he was lawfully confined. All the elements of the statute were proved. For the foregoing reasons, we decline to follow the reasoning of the majority in *State v. Thompson, supra.*

Nevertheless, we have reviewed the record relating to the two prior convictions and find no error.

---

[2]*See, e.g., United States v. Pereira,* 574 F.2d 103, 106 n.6 (2d Cir. 1978) and cases cited therein; *Louis v. Nelson,* 560 F. Supp. 899, 901 (S.D. Fla. 1983); *In re Estrada,* 63 Cal. 2d 740, 408 P.2d 948, 48 Cal. Rptr. 172, 178 (1966); *State v. Handran,* 92 Idaho 579, 448 P.2d 193 (1968); *Carpenter v. State,* 178 Ind. App. 446, 382 N.E.2d 1026, 1028 (1978); *Henderson v. State,* 198 Kan. 655, 426 P.2d 92, 94 (1967); *State v. Perry,* 364 So. 2d 900, 901 (La. 1978); *Eaton v. State,* 302 A.2d 588, 594 (Me. 1973); *In re Lynch,* 379 Mass. 757, 760 n.2, 400 N.E.2d 854, 857 (1980) and cases cited therein; *People v. Holt,* 54 Mich. App. 60, 220 N.W.2d 205, 206 (1974); *State v. Lopez,* 79 N.M. 235, 441 P.2d 764 (1968); *People ex rel. Haines v. Hunt,* 229 A.D. 419, 242 N.Y.S. 105 (1930); *State v. Speaks,* 17 Ohio App. 2d 129, 244 N.E.2d 799, 801 (1969); *Phillips v. State,* 622 P.2d 719, 720 (Okla. Crim. App. 1980); *Commonwealth v. Stanley,* 265 Pa. Super. 194, 401 A.2d 1166, 1171 (1979); Annot., 70 A.L.R.2d 1430 (1960 & Supp. 1978).

Affirmed.

Munson, C.J., and Thompson, J., concur.

Review granted by Supreme Court June 8, 1984.