[No. 13798-1-I. Division One. January 28, 1985.]

THE STATE OF WASHINGTON, *Respondent,* v. KEVIN
CHARLES HICKOK, *Appellant.*

*Dori Jones* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *David W. Merrell, Deputy,* for respondent.

SWANSON, J.—Kevin Charles Hickok appeals the Superior Court judgment finding him guilty of willful failure to return to a work release facility in violation of RCW 72.65-.070. He challenges the use in such prosecution of his prior conviction based upon a guilty plea whose constitutional validity was not determined before the nonjury trial. We affirm.

The defendant was placed on probation after pleading guilty to first degree theft in 1979. When his probation was subsequently revoked, he was placed in the Madison Inn Work Release Facility where on March 17, 1983 he was given a temporary pass to apply for a job. He never returned to the facility and was later arrested in California and returned to Washington.

The defendant's pretrial motion to determine the validity of his prior guilty plea was denied. The basis for the trial court's denial was that RCW 72.65.070, which deems a prisoner willfully failing to return to a work release facility to be an escapee, does not require the State to prove the validity of a guilty plea when it is challenged by the defendant prior to trial. The defendant was found guilty of violating RCW 72.65.070 and sentenced accordingly.

The issue is whether in a prosecution for willful failure to return to a work release facility in violation of RCW 72.65-.070, the constitutional validity of the guilty plea on which the prior conviction was based must be established when

challenged by the defendant. The subissues are (1) whether a prior felony conviction is an element of the offense of willful failure to return to a work release facility; and (2) if so, whether when challenged by the defendant, a prior conviction based upon a guilty plea must be proven to be constitutionally valid before it can be used in the subsequent prosecution for willful failure to return to a work release facility.

Where a prior conviction based upon a guilty plea is an element of the crime charged in a subsequent prosecution, in certain cases the *prior* conviction's constitutionality may be challenged to attack the *subsequent* prosecution. *See, e.g., State v. Holsworth*, 93 Wn.2d 148, 160, 607 P.2d 845 (1980).

A prior criminal conviction has been held to be an element of the habitual criminal status, *State v. Kelly*, 52 Wn.2d 676, 678, 328 P.2d 362 (1958); of firearm possession by a felon, *Pettus v. Cranor*, 41 Wn.2d 567, 568, 250 P.2d 542 (1952), *cert. denied*, 345 U.S. 967 (1953); and of first degree escape, *State v. Brown*, 29 Wn. App. 1, 5, 627 P.2d 142, *review denied*, 96 Wn.2d 1012 (1981).

The Washington habitual criminal statute states that every person convicted in this state of any crime set forth therein, who "shall previously have been convicted" of a felony or twice convicted of certain crimes, shall be adjudged to be a habitual criminal. RCW 9.92.090. The former firearms statute[1] proscribed the ownership or possession of a firearm by a person previously "convicted . . . of a crime of violence". RCW 9.41.040. The first degree escape statute applies to the escape from custody or a detention facility of a person "detained pursuant to a conviction of a felony or an equivalent juvenile offense". RCW 9A.76.110(1).

---

[1]The Washington firearms statute before its 1983 amendment was judicially construed to require proof of a constitutionally valid prior conviction when the underlying guilty plea was challenged by the defendant. *See State v. Swindell*, 93 Wn.2d 192, 607 P.2d 852 (1980).

The willful failure to return to a work release facility statute states in part:

Any prisoner approved for placement under a work release plan who wilfully fails to return to the designated place of confinement at the time specified shall be deemed an escapee and fugitive from justice, and upon conviction shall be guilty of a felony and sentenced in accordance with the terms of chapter 9.31 RCW.

RCW 72.65.070. Thus being a "prisoner" is an element of the offense. Further, a "prisoner" is defined in RCW 72.65-.010(4) as a person "convicted of a felony and sentenced by the superior court to a term of confinement and treatment in a state correctional institution . . ."

■■ The State argues that it need only prove the defendant's status as a prisoner, *i.e.*, the common definition of a "prisoner" as a "person held under arrest or in prison", *Webster's Third New International Dictionary* 1804 (1976). However, legislative definitions generally control in construing statutes in which they appear. *Seattle v. Shepherd*, 93 Wn.2d 861, 866, 613 P.2d 1158 (1980). Further, statutory definitions are integral to the statutory scheme and of the highest value in determining legislative intent. *State v. Taylor*, 30 Wn. App. 89, 95, 632 P.2d 892 (1981). Thus here rather than its common definition, the statutory definition of a prisoner as one convicted of a felony controls. By comparison with the language of the habitual criminal, former firearm, and first degree escape statutes, the language of RCW 72.65.070, incorporating RCW 72.65-.010(4), requires proof of a prior felony conviction as an element of the offense of willful failure to return to a work release facility.

The next question is whether the State must prove the constitutional validity of a prior conviction based upon a guilty plea that is challenged by the defendant to sustain a conviction for willful failure to return to a work release facility. In a habitual criminal proceeding, *Holsworth*, at 160, and in a prosecution under the former firearms statute, *State v. Swindell*, 93 Wn.2d 192, 197, 607 P.2d 852 (1980),

the Washington Supreme Court has held that the State must prove the constitutional validity of a challenged underlying guilty plea beyond a reasonable doubt.[2] The *Holsworth* court, at pages 155–57, stated that a defendant's due process rights are violated anew if a constitutionally defective guilty plea under *Boykin v. Alabama,* 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709 (1969), is used in a habitual criminal proceeding.

A disagreement exists within the Washington Court of Appeals as to the necessity for a prior conviction based upon a guilty plea to be constitutionally valid in order for it to be used in a first degree escape prosecution. Division One has held that in a first degree escape prosecution, the State has the burden to prove beyond a reasonable doubt a challenged prior guilty plea's validity before trial.[3] *Brown,* at 3–5; *accord, State v. Thompson,* 35 Wn. App. 766, 772, 669 P.2d 1270 (1983). The *Brown* court based its holding on *Holsworth* and *Swindell;* the *Thompson* court cited *Brown* as authority.

Division Three, however, has held that in a first degree escape prosecution, even where the defendant challenged the constitutional validity of the guilty pleas upon which his prior convictions were based, the convictions were valid to prove an element of the offense as long as they had not been set aside. Thus although vulnerable to a collateral attack, the prior convictions based upon guilty pleas could be used in a first degree escape prosecution. *State v. Gonzales,* 37 Wn. App. 251, 253–54, 680 P.2d 63, *review*

---

[2]The attack on the guilty plea in such cases is not to invalidate the underlying conviction as in a direct appeal or a personal restraint petition. Rather the challenge is to the *present* use of a *prior* conviction in a subsequent prosecution. *State v. Holsworth,* 93 Wn.2d 148, 152, 607 P.2d 845 (1980); *State v. Swindell,* 93 Wn.2d 192, 196, 607 P.2d 852 (1980).

[3]Division Two in dictum acknowledged Division One's holding in *State v. Brown,* 29 Wn. App. 1, 627 P.2d 142, *review denied,* 96 Wn.2d 1012 (1981) as to guilty pleas in first degree escape prosecutions. *State v. Gosser,* 33 Wn. App. 428, 436, 656 P.2d 514 (1982).

*granted,* 101 Wn.2d 1020 (1984).[4] The *Gonzales* court noted that this approach appeared to be the majority rule. *Gonzales,* at 254. In reaching its decision the *Gonzales* court relied upon Judge Scholfield's dissenting opinion in *State v. Thompson, supra* at 774.[5]

Based upon the *Holsworth* and *Swindell* line of cases, the defendant argues that because RCW 72.65 defines a prisoner as one convicted of a felony, in the prosecution of a prisoner for willfully failing to return to a work release facility, the State must prove beyond a reasonable doubt the validity of the guilty plea underlying the felony conviction. RCW 72.65.070, the willful failure to return to a work release facility statute, has not been interpreted in the context of a challenge to the use of a prior conviction based

---

[4]Subsequent to the initial circulation of the opinion in the present case, the Washington Supreme Court affirmed the Court of Appeals, *State v. Gonzales,* 103 Wn.2d 564, 693 P.2d 119 (1985). The court distinguished an escape prosecution from a habitual criminal proceeding and a felon–in–possession–of–a–firearm prosecution. According to the court, a habitual criminal proceeding involves sentence enhancement based upon prior convictions and a felon–in–possession prosecution involves the constitutional right of a citizen to bear arms. Since an escape prosecution involves neither sentence enhancement nor a constitutional right, the court held that in a first degree escape prosecution, the State need not prove that the defendant had been detained pursuant to a constitutionally valid conviction. *State v. Gonzales, supra* at 565.

[5]The *Gonzales* court particularly relied upon the following portion of Judge Scholfield's dissenting opinion in *State v. Thompson,* 35 Wn. App. 766, 774, 669 P.2d 1270 (1983):

> The gravamen of the crime of escape is a defendant's defiance of lawful custodial authority and deliberate violation of a judgment directing his or her confinement. The orderly and rational administration of the criminal justice system requires that the judgment be treated as a valid conviction until a court with jurisdiction rules otherwise.
>
> The escape statute, RCW 9A.76.110, requires only that the escape occur while defendant is being detained "pursuant to a conviction of a felony". Thompson was being detained "pursuant to a conviction of a felony" whether or not the conviction is subject to attack. The language of the statute contains no suggestion of a legislative intent that the conviction could not be used in a prosecution for first degree escape if it was vulnerable to collateral attack.

*State v. Gonzales,* 37 Wn. App. 251, 253–54, 680 P.2d 63 (1984), *aff'd,* 103 Wn.2d 564, 693 P.2d 119 (1985).

upon an allegedly invalid guilty plea. Thus no court has previously confronted the question as to whether the word "convicted" in the definition of "prisoner," RCW 72.65-.010(4), which is incorporated into RCW 72.65.070, refers to a proven constitutionally valid conviction based upon a guilty plea or any conviction based upon a guilty plea, though vulnerable to a collateral attack.

First, an element of the offense that the State must prove beyond a reasonable doubt is merely a prior conviction, not the constitutional validity of the conviction. *See State v. Kelly, supra; Pettus v. Cranor, supra; Brown,* at 6. Under *Holsworth,* at 160, and *Swindell,* at 197, it is only after the defendant has raised the issue that the State has the burden of proving an underlying guilty plea's constitutional validity beyond a reasonable doubt in order to use the prior conviction in the subsequent prosecution.[6] Moreover, *Holsworth* and *Swindell* dealt with a challenge to the present use of a prior conviction in a subsequent prosecution, not a collateral attack on the prior conviction to invalidate the earlier conviction. *Holsworth,* at 152, 159–60; *Swindell,* at 196.

Prior invalid convictions cannot be used to enhance punishment for another offense. *See, e.g., Burgett v. Texas,* 389 U.S. 109, 115, 19 L. Ed. 2d 319, 88 S. Ct. 258, 262 (1967); *Lipscomb v. Clark,* 468 F.2d 1321, 1323 (5th Cir. 1972); *Murgia v. United States,* 448 F.2d 1275, 1276 (9th Cir. 1971). The use of a prior unconstitutional conviction in such a subsequent prosecution "renews" the original constitutional violation. *Burgett; Holsworth,* at 157. The Supreme Court has extended the *Burgett* reasoning to other contexts, holding that an uncounseled felony conviction may not be used to enhance sentencing or to impeach

---

[6]Since a prior conviction's constitutional validity need not be proven in all cases but only when the defendant first challenges the underlying guilty plea, only a prior conviction need be proven as an element of the offense. *See State v. Kelly,* 52 Wn.2d 676, 678, 328 P.2d 362 (1958); *Pettus v. Cranor,* 41 Wn.2d 567, 568, 250 P.2d 542 (1952), *cert. denied,* 345 U.S. 967 (1953); *see also State v. Brown,* 29 Wn. App. 1, 4–6, 627 P.2d 142, *review denied,* 96 Wn.2d 1012 (1981).

the defendant's credibility and an uncounseled misdemeanor conviction, though constitutionally valid, may not be used under an enhanced penalty statute to convert a subsequent misdemeanor into a felony with a prison term. *United States v. Tucker,* 404 U.S. 443, 30 L. Ed. 2d 592, 92 S. Ct. 589 (1972); *Loper v. Beto,* 405 U.S. 473, 31 L. Ed. 2d 374, 92 S. Ct. 1014 (1972); *Baldasar v. Illinois,* 446 U.S. 222, 64 L. Ed. 2d 169, 100 S. Ct. 1585 (1980).

Outside a sentence enhancement prosecution, however, a conviction based upon a guilty plea that is vulnerable to a collateral attack may be used in a subsequent prosecution without violating the defendant's constitutional rights. *See Lewis v. United States,* 445 U.S. 55, 63 L. Ed. 2d 198, 100 S. Ct. 915 (1980); *accord, Dickerson v. New Banner Inst., Inc.,* 460 U.S. 103, 74 L. Ed. 2d 845, 103 S. Ct. 986, 993 (1983); *State v. Vainio,* 466 A.2d 471, 477 (Me. 1983). The Supreme Court has held that although a defendant's extant prior conviction based upon a guilty plea may be subject to a collateral attack, it could properly be used in a prosecution under section 1202(a)(1) of Title VII of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. app. § 1202(a)(1), for unlawful possession of a firearm by a felon. *Lewis,* at 65–66. The Court based its decision upon the federal statute's clear and unambiguous language, its legislative history, other provisions in the same act, and the availability of other relief. *Lewis,* at 60–64. According to the Court, such a regulatory scheme did not violate the equal protection principle embodied in the Fifth Amendment's due process clause.[7] *Lewis,* at 65.

---

[7]The *Lewis* Court recognized that the use of uncounseled felony convictions for certain purposes was unconstitutional. *Burgett v. Texas,* 389 U.S. 109, 19 L. Ed. 2d 319, 88 S. Ct. 258 (1967); *United States v. Tucker,* 404 U.S. 443, 30 L. Ed. 2d 592, 92 S. Ct. 589 (1972); *Loper v. Beto,* 405 U.S. 473, 31 L. Ed. 2d 374, 92 S. Ct. 1014 (1972). However, the Court stated that in these cases the subsequent conviction or sentence violated the Sixth Amendment because it depended upon the reliability of a past uncounseled conviction. In contrast, according to the Court, the federal gun laws focused not on reliability but on the mere fact of conviction, or even indictment, to keep firearms away from potentially dangerous persons. *Lewis v. United States,* 445 U.S. 55, 63 L. Ed. 2d 198, 100 S. Ct. 915

The Maine Supreme Court agreed with the principles set forth in *Lewis*, in holding that a person may not collaterally attack the predicate conviction based upon an allegedly unconstitutional guilty plea in a state prosecution for a felon's unlawful possession of a firearm. According to the court, the subsequent conviction did not thereby violate the defendant's constitutional rights. *Vainio*, at 477.

Under the Washington firearms statute as amended in 1983, any outstanding conviction of a crime of violence, though vulnerable to attack, may similarly be used in the prosecution of a felon for owning or possessing a firearm. The amended statute defines "convicted" as follows:

> (3) As used in this section, a person has been "convicted" at such time as a plea of guilty has been accepted or a verdict of guilty has been filed, *notwithstanding the pendency of any future proceedings including but not limited to sentencing, post–trial motions, and appeals.* A person shall not be precluded from possession if the conviction has been the subject of a pardon, annulment, certificate of rehabilitation, or other equivalent procedure based on a finding of the rehabilitation of the person convicted or the conviction has been the subject of a pardon, annulment, or other equivalent procedure based on a finding of innocence.

(Italics ours.) RCW 9.41.040(3). The amended statute supersedes the judicial interpretations of the preamend-

---

(1980).

The *Lewis* Court continued:

Congress' judgment that a convicted felon, even one whose conviction was allegedly uncounseled, is among the class of persons who should be disabled from dealing in or possessing firearms because of potential dangerousness is rational. Enforcement of that essentially civil disability through a criminal sanction does not "support guilt or enhance punishment," see *Burgett*, 389 U. S., at 115, on the basis of a conviction that is unreliable when one considers Congress' broad purpose. Moreover, unlike the situation in *Burgett*, the sanction imposed by § 1202(a)(1) attaches immediately upon the defendant's first conviction.

(Footnote omitted.) *Lewis*, at 67.

The *Lewis* Court's basis for distinguishing *Burgett, Tucker,* and *Loper* also serves to distinguish *Baldasar v. Illinois,* 446 U.S. 222, 64 L. Ed. 2d 169, 100 S. Ct. 1585 (1980).

ment statute that in an RCW 9.41.040 prosecution the underlying conviction's constitutional validity must be proven by the State when challenged by the defendant. *State v. Gore,* 101 Wn.2d 481, 484–85, 681 P.2d 227 (1984); *Swindell,* at 197.

Washington's work release statute, unlike its amended firearms statute, contains no definition of "convicted." An element of the offense of willful failure to return to a work release facility is that the defendant be a "prisoner," *i.e.,* a person "convicted of a felony" and sentenced to a confinement term. This language is similar to the language of the federal firearms statute that the Supreme Court construed to mean any felony conviction, though subject to a collateral attack: section 1202(a)(1) proscribes the possession of firearms by any person who "has been convicted by a court of the United States or of a state . . . of a felony . . ." 18 U.S.C. app. § 1202(a)(1).

The language of the work release statute is also similar to the language of Washington's pre–1983 firearms statute that the Washington Supreme Court construed to require a constitutionally valid prior conviction: the former RCW 9.41.040 barred the firearm ownership or possession by a person previously "convicted . . . of a crime of violence".

The phrase, "convicted of a felony," which is incorporated into RCW 72.65.070 is arguably ambiguous: the underlying felony conviction may be any outstanding felony conviction; or it must be a constitutionally valid outstanding conviction. *Cf. Gore,* at 485 (meaning of "convicted" in Washington's former firearms statute is not crystal clear).

■ The primary objective of statutory construction is to carry out the Legislature's intent. *State v. Zornes,* 78 Wn.2d 9, 13, 475 P.2d 109 (1970). The intent must be determined primarily from the language of the statute itself. *Department of Transp. v. State Employees' Ins. Bd.,* 97 Wn.2d 454, 458, 645 P.2d 1076 (1982). Where the manifest object of a statute can be ascertained and the statute is susceptible of two interpretations, that construction should be given that will carry out the Legislature's intent. *Ander-*

*son v. O'Brien,* 84 Wn.2d 64, 67, 524 P.2d 390 (1974).

█ Here RCW 72.65.070[8] provides that a prisoner convicted of willfully failing to return to a work release facility shall be guilty of a felony and sentenced accordingly. This section is to apply to all work release participants.

Before the passage of the new criminal code, the former escape statute, RCW 9.31, provided the penalty for an RCW 72.65.070 violation. RCW 9.31 has since been repealed except for 9.31.090, which provides that upon recapture, an escapee may be imprisoned for his remaining original prison term. However, RCW 9.31.090 does not provide the exclusive criminal penalty for work release escapees.[9] The Washington Supreme Court has held that in the absence of a specific penalty provision, RCW 9.92.010 applies to RCW 72.65.070 violations. *State v. Danforth,* 97 Wn.2d 255, 259, 643 P.2d 882 (1982). RCW 9.92.010, amended in 1982, provides:

> Punishment of felony when not fixed by statute. Every person convicted of a felony for which no punishment is specially prescribed by any statutory provision in force at the time of conviction and sentence, shall be punished by confinement or fine which shall not exceed confinement in a state correctional institution for a term of ten years,

---

[8] RCW 72.65.070 states:

"Wilfully failing to return—Deemed escapee and fugitive—Penalty. Any prisoner approved for placement under a work release plan who wilfully fails to return to the designated place of confinement at the time specified shall be deemed an escapee and fugitive from justice, and upon conviction shall be guilty of a felony and sentenced in accordance with the terms of *chapter 9.31 RCW. The provisions of this section shall be incorporated in every work release plan adopted by the department.

"*Reviser's note: 'chapter 9.31 RCW' was repealed by 1975 1st ex.s. c 260 § 9A.92.010. For later enactment see chapter 9A.76 RCW."

[9] In interpreting RCW 72.65.070, the Washington Supreme Court rejected the contention that RCW 9.31.090 provides the exclusive penalty for work release escapees:

> If petitioner were correct [that RCW 9.31.090 is the exclusive penal statute for an RCW 72.65.070 violation], an escapee from a work release facility who is recaptured, charged and convicted of escape, could only receive a maximum penalty of the time remaining on the original sentence.

*In re Little,* 95 Wn.2d 545, 548, 627 P.2d 543 (1981).

or by a fine in an amount fixed by the court of not more than twenty thousand dollars, or by both such confinement and fine.

Under RCW 9.92.010, the penalty for an RCW 72.65.070 violation is imprisonment for not more than 10 years or a fine not in excess of $20,000 or both. Thus the work release statute making the willful failure to return to a work release facility a felony punishable by imprisonment of up to 10 years or a fine of up to $20,000 or both evinces a legislative intent to impose substantial punishment for work release escapes.

However, permitting the defendant to challenge the underlying conviction in a prosecution for willful failure to return to a work release facility may result in a work release escapee's facing only administrative penalties such as the revocation of the work release status and a return to a state correctional institution. Such an interpretation of RCW 72.65.070 would thwart the legislative intent to impose harsh consequences for work release escapes.

In addressing the question as to whether the State must prove the constitutional validity of a challenged underlying guilty plea in an escape prosecution, the court in *State v. Brown*, 29 Wn. App. 1, 6, 627 P.2d 142, *review denied*, 96 Wn.2d 1012 (1981), pointed out that factors not present in a habitual criminal proceeding and in a felon's firearm possession prosecution exist in an escape prosecution:

> Important public policies of orderly prison administration and resolution of questions concerning the propriety of prisoners' confinement through legal processes are, we recognize, implicated by allowing the prisoner to assert invalidity of his confinement as a defense to an escape prosecution. These factors were not present in *Holsworth* and *Swindell*.

*Brown*, at 6. Despite these crucial differences from the situations in *Holsworth* and *Swindell*, the court nevertheless held that the State must prove the constitutional validity of an underlying guilty plea when challenged by a defendant in an escape prosecution. According to the *Brown* court, the

State was not without recourse: Unlike the charge of first degree escape, under RCW 9A.76.120 and 9A.76.130 second and third degree escape do not have as an element of the offense a prior conviction. Thus, permitting the defendant to challenge the validity of the underlying conviction would not lead to the possibility of an escapee going unpunished. He could, as appropriate, still be convicted of second or third degree escape.

The work release statute, in contrast, provides for no lesser offenses. As a consequence, permitting a challenge to the underlying conviction in a prosecution under that statute may result in the dismissal of a willful failure to return charge. Further, the only punishment that could be meted out to the escapee in such a case may be administrative sanctions. Such a result would undermine the orderly administration of the state correctional system.

Moreover, although the defendant alleges a constitutional error in his prior conviction, the Supreme Court has stated that

> courts eschew rigid absolutes and look to the practical realities and necessities inescapably involved in reconciling competing interests, notwithstanding that those interests have constitutional roots.

*Lemon v. Kurtzman,* 411 U.S. 192, 201, 36 L. Ed. 2d 151, 93 S. Ct. 1463, 1469 (1973); *accord, State v. Higgins,* 338 A.2d 159, 164 (Me. 1975). In a criminal prosecution for willful failure to return to a work release facility, competing against the defendant's interest in vindicating an asserted constitutional right is the public interest in fostering a "reign of law" to avoid the chaos and potential anarchy if men are allowed to determine for themselves what the law is. *See Higgins.* A defendant may not challenge the constitutional validity of a prior conviction by escaping and then asserting the prior conviction's unconstitutionality as a defense in an escape prosecution. His recourse is to seek a reversal of the prior conviction in a proceeding directed at the prior conviction. *See Beaulieu v. State,* 161 Me. 248, 211 A.2d 290, 293 (1965).

[E]scape from confinement pursuant to a sentence imposed by a court of competent jurisdiction is [unlawful], even if the original confinement is voidable in a direct proceeding alleging deprivation of constitutional rights.

(Citations omitted.) *State v. Emery*, 357 A.2d 878, 880 (Me. 1976).

As Judge Scholfield stated in his dissenting opinion in *State v. Thompson*, 35 Wn. App. 766, 774, 669 P.2d 1270 (1983):

The gravamen of the crime of escape is a defendant's defiance of lawful custodial authority and deliberate violation of a judgment directing his or her confinement. The orderly and rational administration of the criminal justice system requires that the judgment be treated as a valid conviction until a court with jurisdiction rules otherwise.

The work release statute, RCW 72.65.070, incorporating RCW 72.65.010(4), only requires that a prisoner be a person "convicted of a felony and sentenced" accordingly. Here Hickok was convicted of a felony regardless of whether the conviction is subject to attack. The statutory language does not suggest a legislative intent to preclude the use in an RCW 72.65.070 prosecution of a conviction subject to a collateral attack. In fact, the legislative intent that emerges from the provisions of the statute is to impose substantial punishment for work release escapes, especially since the absence of any meaningful punishment for such escapes would undermine the whole prison administration.

In light of the special circumstances surrounding a prosecution for willful failure to return to a work release facility where the statute provides for no lesser offenses not requiring a felony conviction, we find that the legislative intent behind RCW 72.65.070 is best effectuated by permitting the use of any prior felony conviction that has not been set aside to prove the requisite element of the offense. This approach is apparently that of a majority of the courts in escape prosecutions. *See, e.g., United States v. Pereira*, 574 F.2d 103, 106 n.6 (2d Cir. 1978) and cases cited therein;

678

*Aderhold v. Soileau,* 67 F.2d 259, 260 (5th Cir. 1933); *In re Estrada,* 63 Cal. 2d 740, 408 P.2d 948, 48 Cal. Rptr. 172, 178 (1966); *In re Lynch,* 379 Mass. 757, 400 N.E.2d 854, 857 n.2 (1980) and cases cited therein; *Collins v. State,* 262 A.2d 443 (Me. 1970); *State v. Howard,* 20 Ohio App. 2d 347, 254 N.E.2d 390, 391 (1969).

Here the defendant was convicted of a felony, first degree theft. As long as the conviction had not been set aside, the defendant was convicted of a felony;[10] moreover, the other elements of the offense were proven. For these reasons, the judgment is affirmed.

CORBETT, C.J., and WILLIAMS, J., concur.

---

[10]The defendant's contention that the trial court's finding of fact was insufficient to support the conclusions of law is without merit since the finding's implicit reference to the fact that the defendant was a prisoner duly convicted of a felony is supported by the uncontroverted evidence in the record and the court's oral decision.