OPINION
This appeal is taken by defendant-appellant James Douglas from the judgment of conviction and sentence entered by the Court of Common Pleas of Marion County.
On February 4, 1997, Douglas escaped from the Marion County Correctional Institution, where he was serving a 15 year to life sentence for murder. Douglas was arrested in Florida on May 17, 1997. Douglas was indicted by a grand jury in Ohio on the charge of escape and after extradition to Ohio, on October 19, 1998 Douglas entered a no-contest plea to the charge of escape. On January 7, 1999, Douglas was sentenced to serve a term of four years in prison to run consecutive to the underlying prison term. On appeal from that sentence Douglas makes the following assignments of error:
 1. Appellants(sic) plea was not knowingly, voluntarily, nor intelligently entered. Said plea was made under duress of threats, coercion, and a misunderstanding of the state's sentencing recommendation.
 2. The trial court erred in the prejudice of the appellant in denying appellant's summons for witnesses, therefore denying appellant the valid necessary defense of duress thus depriving defendants right to a fair trial, right to call witnesses and the right to an affirmative defense, and the right to review of mitigating circumstances.
 3. Defendant was deprived the effective assistance of counsel as so guaranteed by the sixth and fourteenth amendment of the United States Constitution and Article One Section 10, of the Ohio Constitution.
 4. The States use of false, and misleading evidence, denied the trial court proper consideration to all the facts necessary for sentencing.
 5. Defendant-appellant was heavily medicated with mind-altering drugs at the time of his plea. Drugs that affected his judgment and decision-making. Thus his plea was not knowing, nor voluntarily entered.
Douglas states initially that the plea he entered was not voluntary, knowledgeable nor intelligently entered because he misunderstood the state's sentencing recommendation and was subjected to duress and coercion. In order to be constitutionally valid, a plea of no-contest must be entered knowingly, intelligently and voluntarily. These requirements are set out in Crim. Rule 11(C). If the defendant does not knowingly, voluntarily or intelligently enter his plea, or does not know the consequences of the entry of his plea it is considered a violation of due process and the entry of plea is invalid under both the United States Constitution and the Ohio Constitution. SeeKercheval v. U.S. (1927). 274 U.S. 220, 223; Mabry v. Johnson
(1984), 467 U.S. 504, 508-09; Boykin v. Alabama (1969),395 U.S. 238; State v. Kelley (1991), 57 Ohio St.3d 127; State v. Engle
(1996), 74 Ohio St.3d 525; Crim.R. 11(C).
A plea of no contest is not an admission of guilt but of the truth of the charge alleged in the indictment or information. Before accepting the plea of no contest, the trial judge under Crim. Rule 11(C) must address the defendant personally and determine: first, the plea is voluntary, second, that the defendant understands the charges and the maximum penalty involved, third, that the defendant understands that upon entry of that plea the court will enter judgment and sentence and, finally, that the defendant is aware of the fact that that he is waiving his trial rights including the right to a trial by jury, the right to confront witnesses, proof by the state of guilt beyond a reasonable doubt, and the right against self-incrimination.
The Record discloses that the court addressed Douglas personally, that Douglas was asked about his knowledge and understanding of the plea of no contest to which inquiry he acknowledged that he was fully aware of the recommendation of the State and that he had plenty of time to talk with his attorney about the plea. The trial court informed Douglas of the minimum and maximum penalty that must be imposed for escape. Douglas was informed that he did not have to plead no contest and that if he wanted to do so the court would go forward with trial. Douglas declined. The court subsequently informed him of the trial rights he would be waiving including the right to a trial by jury, to confront witnesses, to present evidence, to have the case proven by the prosecution beyond a reasonable doubt, to remain silent and to appeal the conviction. The record discloses that the plea of no contest entered by Douglas was entered after the court fully complied with Crim. Rule 11(C).
Douglas contends that his plea was not voluntary because he misunderstood the prosecutor's intended recommendation. Specifically he claims that in pre-trial negotiations the State offered him a three year term but that at the sentencing hearing the State recommended a five year term. The record contradicts this claim inasmuch as it shows that when questioned by the court at the plea proceedings as to the status or substance of any plea negotiations between the State and Douglas the State responded that there were no negotiations or agreements. Although present, Douglas did not challenge those representations. Moreover, the Prosecutor clearly stated that if Douglas did not plead guilty but instead plead no contest, that fact would affect the State's recommendation made at sentencing, contingent upon Douglas' acknowledgement or failure to acknowledge guilt. Therefore, the claim that the State had promised to recommend a three year term at sentencing is not supported by the record of the proceedings. No error having been shown to have occurred in the sentencing proceedings, Douglas' first assignment of error is overruled.
Douglas next contends he was denied the opportunity to present the defense of duress and proof of mitigating circumstances for his escape from confinement. Douglas' claim is based on the trial court's granting of the State's motion to quash sixteen subpoenas of state officials including the governor, members of the Ohio parole board, and the prosecutor and police chief involved in his original murder trial.
Douglas was able to offer evidence of mitigating circumstances at sentencing. Evidence presented by Douglas and on his behalf, that while at large after escape he was a law-abiding citizen, is at odds with the fact that the entire time he was at large he was violating the escape statute as an escaped convict.
 The escape statute disallows certain defenses. R.C. 2921.34 (B) provides:
 Irregularity in bringing about or maintaining detention, or lack of jurisdiction of the committing or detaining authority, is not a defense to a charge under this section if the detention is pursuant to judicial order or in a detention facility.
If a prisoner or inmate considers his restraint improper he may not choose to leave such confinement by escape. The prisoner must exhaust all judicial remedies available to him. See State v.Speaks(1969), 17 Ohio App.2d 129.
Thus, the only defense available to defendants who escape is one of duress. All elements of duress must be met in order for the defense to be effective. Specifically the Supreme Court of Ohio has held that if a defendant fails to turn himself in after he escapes the immediate threat and is in safety, he cannot show duress as a defense to escape. See State v. Cross (1979), 58 Ohio St.2d 482. The record reveals that Douglas did not turn himself in after escape from the Marion County Correctional facility. In fact, he was at large from the date of escape, February 4, 1997, until the date of apprehension in Florida, May 17, 1997, thereafter resisting extradition to Ohio. Therefore, since Douglass had no viable defense of duress, any possible error on the part of the trial judge in refusing to issue the subpoenas was harmless. Douglas' second assignment of error is overruled.
Douglas claims his counsel was ineffective. There is a two-prong test for determining the effectiveness of assistance of counsel. First, the attorney's performance must be deficient, falling below the objective standard of reasonable presentation. Second, there must be a reasonable probability that, but for counsels errors, the result of the case would have been different.See State v. Bradley (1989), 42 Ohio St.3d 136, 142; Strickland v.Washington (1984), 466 U.S. 668, 687. The record shows that neither the state nor the defendant disputed the facts of the crime. When entering his plea Douglas stated that he understood that he was admitting to the charge alleged in the indictment. Moreover, Douglas, despite his escape from prison where he was serving a sentence for murder, was only sentenced to four years in prison for the escape. This sentence is half of the maximum that could have been imposed. There is no evidence in the record that Douglas' attorney did not do everything that a reasonable attorney would do under the circumstances. There is nothing contained in the record to support Douglas' argument that the attorney was not prepared. There is no evidence in the record to support the claim that the attorney failed to file the subpoenas. The subpoenas were in fact sought by counsel and later quashed by the court. Counsel's inability to reply to the State's motion to quash the subpoenas until the day of hearing would not have changed the outcome of the proceeding as we have noted above. The third assignment of error is overruled.
Douglas has not directed our attention to and our review of the record has not produced evidence of any kind in support of his claims that the documents or evidence offered by the prosecution were inaccurate, false or misleading or that he was heavily medicated with mind-altering drugs at the time of his plea. According to App.R. 12(A)(2) the court may disregard these assignments of error. The fourth and fifth assignments of error are also overruled.
The judgment of the Court of Common Pleas of Marion County is affirmed and the cause remanded to that court for execution on judgment for costs.
Judgment affirmed.
 SHAW and WALTERS, JJ., concur.