[No. 32399-7-I. Division One. September 25, 1995.]

THE CITY OF SEATTLE, *Petitioner*, v. DENNIS CARNELL, *Respondent*.

*Mark H. Sidran, City Attorney,* and *Margaret M. Boyle, Assistant,* for petitioner.

*Stephen A. Lotzkar* and *Howard S. Stein,* for respondent.

GROSSE, J. — The City of Seattle (City) appeals the decision of the superior court on an RALJ appeal. The superior court reversed a decision of the municipal court which had admitted breath test results over defense objection. In

doing so, the driving while under the influence of intoxicants (DWI) conviction of Dennis Carnell was reversed. We hold that defense counsel failed to preserve the alleged error that the chain of custody of the simulator solution used in the BAC Verifier DataMaster breath analysis machine must be established as a foundational requirement for admission of the breath test results. Further, we hold there is no such foundational requirement. Accordingly, we reverse the decision of the superior court, and reinstate the municipal court's decision and the conviction.

Dennis Carnell was charged with DWI. He entered a not guilty plea and the matter was set for trial. Counsel filed two standard pretrial DWI motion forms noting numerous motions. Pretrial, some of these motions were addressed. At trial, defense counsel only raised a previously noted CrR 3.5 motion and affirmatively waived all other motions.

The City requested admission of the results of Carnell's BAC Verifier DataMaster (BAC) test. Defense counsel objected on the ground of lack of a "sufficient foundation." The court denied the objection and admitted the results of the BAC test. Defense counsel did not request a sidebar, indicate what specific foundational requirement was lacking, or clarify her objection. Carnell was found guilty.

The superior court held: (1) defense counsel's foundational objections were not too general to make a sufficient record regarding a chain of custody objection; and (2) the person who changes the simulator solution is a necessary witness to establish foundation for the admission of the breath test results.

The City claims the superior court erred in finding that defense counsel's general objection to the BAC test results based on insufficient foundation was sufficient to preserve the alleged error for review. At the time the City requested admission of the BAC test results, defense counsel objected on the ground of the lack of a "sufficient foundation." Counsel did not state any specific foundational require-

ment she believed to be lacking. The record does not contain a specific chain of custody objection, nor is such an objection apparent from the context of the objection or the previously filed forms.

 The City contends the objection made by defense counsel was not specific enough to inform the trial court of the actual alleged issue and give the City and the trial court an opportunity to correct any error. *See State v. Casteneda-Perez*, 61 Wn. App. 354, 363-64, 810 P.2d 74 (objection not containing specific valid reason for exclusion of evidence inadequate to preserve error), *review denied*, 118 Wn.2d 1007 (1991). *Cf. State v. Suarez-Bravo*, 72 Wn. App. 359, 365, 864 P.2d 426 (1994) (objections covered relevancy of the prosecutor's line of questioning and informed the trial court of the basis for the claim of error). *See also State v. Padilla*, 69 Wn. App. 295, 300, 846 P.2d 564 (1993) (the objection, "improper line of questioning," would have been vague and insufficient to preserve issue for review, but for the subsequent request for a sidebar which preserved the issue). We agree.

An objection claiming a lack of foundation is a general objection that will not be viewed as preserving an issue for appeal. 5 Karl Tegland, Wash. Prac., *Evidence* § 10, at 32 (3d ed. 1989); 5A Karl Tegland, Wash. Prac., *Evidence* § 244, at 265 (3d ed. 1989) (the lawyer concerned about preserving a point for appellate review will phrase the objection more specifically). *See State v. Hubbard*, 37 Wn. App. 137, 679 P.2d 391 (1984) (only objection to exhibit at trial was a lack of proper foundation, with no particularity as to the nature of the deficiency, therefore trial judge did not err in admitting exhibit), *rev'd on other grounds*, 103 Wn.2d 570, 693 P.2d 718 (1985).

The lack of specificity of an objection and the possible ramifications of nonspecific objections are shown in the instant case. Here, the person who changed the simulator solution before Carnell's test, thus the person whose testimony was deemed lacking in the RALJ appeal, was the same technician who testified to the testing of this

particular BAC machine at trial. The record shows that the admission of the BAC test results was done at the time this person was on the witness stand. Had a more specific objection been made, the City could have immediately corrected any alleged deficiency through this very witness. The superior court erred in finding that the objection was sufficient to preserve the issue for appeal.

▮ Even if we were to agree with Carnell and find that the issue was preserved for review, we would find that the trial court erred in holding that the person who changes the BAC simulator solution is a necessary witness to establish foundation for the admission of breath test results.

There are a number of cases which address the foundation requirements for admitting the results of breath alcohol analysis tests. The original case regarding these requirements was *State v. Baker*, 56 Wn.2d 846, 852, 355 P.2d 806 (1960). There, the court held the State must show the machine was in proper working order and that the chemicals used were the correct kind and used in the correct manner. In the cases since *Baker*, involving both the machine formerly used and the BAC machine now used, no court has held that the testimony of a simulator solution changer is necessary to establish a foundation for admission of the test results. *See State v. Wittenbarger*, 124 Wn.2d 467, 489, 880 P.2d 517 (1994); *State v. Straka*, 116 Wn.2d 859, 810 P.2d 888 (1991).

In *Wittenbarger*, the court, citing *State v. Straka*, held the State must establish a proper foundation by testimony

(1) that the machine was in proper working order, (2) that if chemicals were used in testing they were correct and correctly used, (3) that the operator was qualified and performed the test correctly, and (4) that the results are accurate.

*State v. Wittenbarger*, 124 Wn.2d at 489 (citing *State v. Straka*, 116 Wn.2d at 874-75).

In the instant case, the City followed the *Straka/Wittenbarger* procedures and moved to admit the BAC test results following testimony from foundation witnesses

regarding the four foundation prongs listed above. Again, as set forth in *Wittenbarger*, 124 Wn.2d at 489-90 (quoting *Straka*, 116 Wn.2d at 870):

> When the [breath testing] protocols at issue here and existing Code provisions are followed, there is sufficient assurance of accuracy and reliability of the test results to allow for general admissibility of [DataMaster] test results.

Thus, when the City presented proper foundation witness testimony that the requisite protocols were followed, the evidence of the BAC test results was admissible. In addition, the *Wittenbarger* court held that rebuttal evidence relating to the reliability of the test affects the weight, rather than the admissibility, of the results.

Moreover, the current WAC procedures and protocol (WAC 448-13-010 through -220) were effective as of March 29, 1991, thus in effect at the time of trial. Contrary to Carnell's claims, neither these sections (nor the former sections WAC 448-12) of the Washington Administrative Code, nor CrRLJ 6.13 establishes as a requirement for admissibility testimony as to the chain of custody of the simulator solution.

The decision of the superior court is reversed and the municipal court conviction reinstated.

BAKER, C.J., and COX, J., concur.

Review denied at 128 Wn.2d 1020 (1996).