[No. 44993-1-I.   Division One.   August 7, 2000.]

PANORAMA VILLAGE HOMEOWNERS ASSOCIATION, *Respondent*, v. GOLDEN RULE ROOFING, INC., ET AL., *Appellants*.

*Ralph I. Freese* (of *Freese & Freese*), for appellants.
*Jeffrey G. Poole* (of *Poole & Associates, P.C.*); and *Joseph R. Foley*, for respondent.

COLEMAN, J. — Panorama Village Homeowners Association sued Golden Rule Roofing, Inc., claiming that Golden Rule breached its contracts to install roofs on four of its buildings and to provide Panorama with 10-year manufacturers' warranties. The trial court ruled that the roofs were defective, that the roofing materials were not installed in accordance with the contract and manufacturers' specifications, and that Golden Rule did not provide Panorama with valid manufacturers' warranties. The trial court entered a judgment for Panorama and awarded the association a portion of the cost of replacing the roofs. On appeal, Golden Rule contends that the trial court erred in finding that it had breached its contracts with Panorama and in awarding damages. We conclude that the record supports the trial court's rulings, and we affirm.

## FACTS

From 1991 to 1995, Golden Rule contracted to install nine roofs for the Panorama Village Homeowners Association. Five of the contracts involved the installation of U.S. Intec materials and included U.S. Intec's 10-year material warranty. A sixth contract was for the installation of a Firestone membrane and included the manufacturer's 10-year labor and material warranty. In 1997, Panorama discovered that neither U.S. Intec nor Firestone had a record of any warranties issued for its roofs. Panorama sued Golden Rule, claiming that the construction was defective and that they had not received manufacturers' warranties for the materials. Golden Rule responded by

issuing Panorama backdated U.S. Intec warranties. The company further provided its own 10-year labor and material warranty as a substitute for the Firestone warranty and agreed to complete some items that had not been performed in accordance with the contracts' specifications. Panorama, however, maintained that the repairs would not cure the deficiencies in the roofs. It further argued that the U.S. Intec warranties were not valid because Golden Rule lacked authority to issue them on behalf of the manufacturer and because the materials had not been installed in accordance with the manufacturer's specifications. The trial court awarded Panorama $28,612 in damages. The award included a portion of the cost to replace the roofs, prorated to reflect the existing roofs' performance prior to the suit, and incidental and consequential losses.

## DISCUSSION

■■ Golden Rule first contends that the trial court erred in finding that it materially breached the roofing construction contracts. When the trial court has weighed the evidence, our review is limited to determining whether the court's findings are supported by substantial evidence and, if so, whether the findings support the court's conclusions of law and judgment. *Brin v. Stutzman*, 89 Wn. App. 809, 824, 951 P.2d 291, (citing *Willener v. Sweeting*, 107 Wn.2d 388, 393, 730 P.2d 45 (1986), *review denied*, 136 Wn.2d 1004 (1998)). Substantial evidence is evidence that is sufficient to persuade a fair-minded person of the truth of the declared premise. *Brin*, 89 Wn. App. at 824 (citing *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 819, 828 P.2d 549 (1992)). The party challenging a finding of fact bears the burden of showing that it is not supported by the record. *Brin*, 89 Wn. App. at 824.

Golden Rule argues that Panorama's own experts testified that the roofs performed well, that the deviations from the manufacturers' specifications were not significant, and that there were no serious defects in the construction.

Panorama, however, submitted evidence of a number of deficiencies in the design and installation of the roofs. The record indicates that these deficiencies reflected extremely poor workmanship, did not conform to the manufacturers' specifications, and were unacceptable under industry standards. One expert testified that as a result of the defects he had identified, the roofs did not drain properly and were more likely to leak or fail than roofs that were correctly installed, resulting in increased maintenance for the owner. He also indicated that although the roofs had functioned for several years without any major problems, the defects would become more critical as the roofs aged and cause more serious failures. We conclude that this testimony provides ample support for the trial court's findings.

■ Golden Rule further contends that the court erroneously admitted testimony by one of the plaintiff's experts, Colin Murphy, concerning the roofs' compliance with the manufacturers' specifications. Golden Rule did not, however, object to this testimony on the particular grounds it raises on appeal. Thus, these claims were not preserved for review. *State v. Quigg*, 72 Wn. App. 828, 836, 866 P.2d 655 (1994); *see also City of Seattle v. Carnell*, 79 Wn. App. 400, 402-03, 902 P.2d 186 (1995); *State v. Christian*, 44 Wn. App. 764, 766, 723 P.2d 508 (1986).

Golden Rule also contends that the trial court erred in limiting testimony by William Jordan, the president and an owner of the company, concerning his authority to issue the manufacturers' warranties.[1] Jordan testified that a Firestone representative authorized the issuance of a materials warranty for the Panorama roof. He also testified that he was an approved applicator of U.S. Intec materials, that U.S. Intec authorized the issuance of replacement warranties for the remaining roofs in 1997, and that a U.S. Intec representative accepted warranty coverage for the roofs during a site visit in September 1997. The trial court ultimately excluded this testimony as hearsay.

---

[1] Golden Rule also challenges the trial court's decision to exclude testimony by Brian Hart, one of the company's employees. This testimony was excluded on other grounds, however, that are not challenged on appeal.

■ Our courts have held that a person may properly testify regarding facts that, it is alleged, constitute his or her authority to act. *See Blake Sand & Gravel, Inc. v. Saxon*, 98 Wn. App. 218, 221-22, 989 P.2d 1178 (1999). But even if the trial court erred in excluding the challenged testimony, the appellant has not shown any prejudice as a result of the ruling. The trial court found that the U.S. Intec replacement warranties were not valid because the roofing materials were not installed in accordance with the manufacturer's specifications. The court also found that the Firestone roof had not been installed in accordance with the manufacturer's specifications, and Golden Rule acknowledged that it lacked the authority to reissue a Firestone warranty at this time. Absent any showing of prejudice, the claimed error does not constitute grounds for reversal. *See Cramer v. Department of Highways*, 73 Wn. App. 516, 519, 870 P.2d 999 (1994) (citing *Rice v. Janovich*, 109 Wn.2d 48, 63, 742 P.2d 1230 (1987)).

Damages

■ Golden Rule also challenges the trial court's decision to award damages based on the cost of replacing the roofs. Contract damages are ordinarily based on the injured party's expectation interest and are intended to give the injured party the benefit of its bargain. *Eastlake Constr. Co. v. Hess*, 102 Wn.2d 30, 46, 686 P.2d 465 (1984) (citing RESTATEMENT (SECOND) OF CONTRACTS § 347 cmt. a (1981)). In cases involving breach of a construction contract, the injured party may recover the reasonable cost of completing performance or remedying defects in the construction if the cost is not clearly disproportionate to the probable loss in value to the party. *Eastlake*, 102 Wn.2d at 47 (adopting RESTATEMENT (SECOND) OF CONTRACTS § 348 (1981)). The comments to the rule indicate that this alternative basis for damages applies when it is difficult to determine the value of performance to the injured party with sufficient certainty.

Sometimes, especially if the performance is defective as

distinguished from incomplete, it may not be possible to prove the loss in value to the injured party with reasonable certainty. In that case he can usually recover damages based on the cost to remedy the defects. Even if this gives him a recovery somewhat in excess of the loss in value to him, it is better that he receive a small windfall than that he be undercompensated by being limited to the resulting diminution in the market price of his property.

*Eastlake*, 102 Wn.2d at 47-48 (quoting RESTATEMENT (SECOND) OF CONTRACTS § 348 cmt. *c*) (1981)); *see also* RESTATEMENT (SECOND) OF CONTRACTS § 347 cmt. *b* (1981).

Here, Panorama sought damages based on the cost of remedying the defects and submitted evidence indicating that it would be cheaper to replace the roofs than to attempt a labor-intensive repair. The testimony also indicated that a repair of the roofs would not completely cure the defects or provide Panorama with valid manufacturer warranties. Golden Rule, however, argues that the award was inappropriate in the absence of any evidence of the cost of repair or the diminution in the buildings' market value because of the breach (citing *Lyall v. DeYoung*, 42 Wn. App. 252, 711 P.2d 356 (1985)). *Lyall*, however, addresses the principles governing damages for breach of warranty in a contract for sale, and thus its citation is inapposite. *See Lyall*, 42 Wn. App. at 259-60 (distinguishing cases that involve construction contracts).

The Restatement proportionality rule adopted in *Eastlake* does not require the trial court to measure the loss in value caused by the breach, but only to determine whether the cost to remedy the defect is clearly disproportionate to the owner's loss. *See* 3 E. ALLAN FARNSWORTH, FARNSWORTH ON CONTRACTS § 12.13 (1990). Once the injured party has established the cost to remedy the defects, the contractor bears the burden of challenging this evidence in order to reduce the award, including providing the trial court with evidence to support an alternative award. *See Fetzer v. Vishneski*, 399 Pa. Super. 218, 224-26, 582 A.2d 23, 26-27 (1990); *General Ins. Co. of Am. v. City of Colorado*

*Springs*, 638 P.2d 752, 759 (Colo. 1981); *cf. Andrulis v. Levin Constr. Corp.*, 331 Md. 354, 375-76, 628 A.2d 197, 207 (1993) (using the economic waste standard); 5 ARTHUR LINTON CORBIN, CORBIN ON CONTRACTS § 1089 (1964) ("[A]ll substantial doubt as to the usefulness and value of the defective structure should be resolved against the building contractor."). Here, Golden Rule provided no evidence of the buildings' diminution in value or the cost to repair the defects and did not challenge the reasonableness of Panorama's estimate for the work.

■ Golden Rule further contends that any award of damages is inappropriate because there was no evidence that Panorama was harmed by the breach. But as discussed above, the trial court found that all of the roofs installed by Golden Rule exhibited poor workmanship and contained numerous deficiencies. The record indicates that the roofs were substantially inferior to what Golden Rule had contracted to provide and that the installation defects directly affected the performance and life of the roofs, which clearly reduced their value. In addition, Golden Rule failed to provide valid manufacturer warranties for the roofing materials. *Cf. Barrack v. Kolea*, 438 Pa. Super. 11, 23, 651 A.2d 149, 155 (1994) (recognizing the lack of a valid warranty as a legally cognizable injury).

Golden Rule also claims that Panorama accepted performance of the contracts without objection and thus waived any deficiencies that would have been apparent at that time (citing *McCormick v. Hoyt*, 53 Wn.2d 338, 333 P.2d 639 (1959)). In *McCormick*, a buyer sought to rescind a contract for the sale of old clocks and clock parts, claiming that the seller breached an implied warranty of merchantability. The court rejected the argument, concluding that the buyer had not shown that he relied on the seller's skill and judgment when he himself sold clock parts and had the opportunity to inspect the items. *McCormick*, 53 Wn.2d at 342-43. The case did not address the applicability of the doctrine of waiver to construction defects. Therefore, we reject that argument. Given the evidence presented, we conclude that the trial court did not err in awarding

Panorama a portion of the cost of installing roofs in conformity with the contracts.

■ Golden Rule next contends that the trial court erred in awarding incidental and consequential damages covering the cost to repair two leaks that were discovered after litigation had commenced. In breach of contract cases, the injured party has a right to recover all damages that accrue naturally from the breach, including any incidental or consequential losses caused by the breach. *See Eastlake*, 102 Wn.2d at 39-46. Panorama's repair costs are clearly recoverable under this rule and under RESTATEMENT (SECOND) OF CONTRACTS § 348, as discussed above. *See Eastlake*, 102 Wn.2d at 49. Nevertheless, Golden Rule contends that these costs are not recoverable because there was no evidence that it breached its repair warranties. Panorama did not, however, seek recovery for breach of the repair warranties, but sued for breach of contract. Following its discovery of material defects in the roofs, Panorama properly sought damages for breach of the construction contracts instead of demanding performance under the warranties. *See* 2 E. ALLAN FARNSWORTH, FARNSWORTH ON CONTRACTS § 8.15 (1982); *Campbell v. Hauser Lumber Co.*, 147 Wash. 140, 144-45, 265 P. 468 (1928). We conclude the trial court did not err in including Panorama's repair costs in the award.

Sanctions

Golden Rule finally contends that the trial court erred in denying its motions for sanctions against Panorama and its counsel for failing to produce a document in discovery that related to the testimony of one of its experts, Kelvin Hill. Before Panorama engaged Hill to testify as an expert, it requested Hill's company, Access Roofing, to prepare an estimate for the repair of the roofs. Raymond Foltz, an Access employee, inspected the roofs and sent a brief description of their condition to Panorama's property manager. Foltz subsequently prepared Access's bid. Following a perpetuation deposition, Golden Rule briefly reviewed Access's file on Panorama and found a draft letter from Foltz

to the Panorama property manager stating that he had inspected one of the buildings and found that the roof membrane was of "very high quality" and that the installation generally reflected "good workmanship." The draft was not signed. After Panorama resisted production of the document, Golden Rule moved to exclude Hill's testimony and sought an award of attorney fees and costs under CR 26(g). The trial court ruled that the document was discoverable and ordered the production of the file, including any Access documents relating to the property, but declined to impose sanctions.

We review the trial court's decision on a motion for sanctions under CR 26(g) for abuse of discretion.[2] *Washington State Physicians Ins. Exch. & Ass'n v. Fisons Corp.*, 122 Wn.2d 299, 338, 858 P.2d 1054 (1993). In determining whether an attorney has complied with the rule, the trial court should consider all of the surrounding circumstances, the importance of the evidence to its proponent, and the ability of the opposing party to formulate a response or to comply with the request. *Fisons*, 122 Wn.2d at 343. Here, the draft letter was not in Panorama's files but in the records of Hill's company, Access Roofing. There was no record that the letter had been sent, and counsel for Panorama testified that he had not seen the document before the motion to compel its production. Hill testified that he did not prepare or approve the draft and did not rely on it in forming his opinion in the case. He also stated that he did not remember reviewing the document or its contents at any time prior to his testimony at trial. In declining to impose sanctions, the trial court noted that any potential prejudice from the late discovery of the document, after Hill's perpetuation deposition, could be cured because Hill was available to testify at trial. We conclude the trial court did not err in finding that sanctions were not warranted.

For the reasons discussed above, we affirm the judgment

---

[2] Golden Rule does not contend that the trial court failed to apply the proper standard in making its ruling, and, thus, de novo review of the decision is not warranted. *See Washington State Physicians Ins. Exch. & Ass'n v. Fisons Corp.*, 122 Wn.2d 299, 344, 858 P.2d 1054 (1993).

and award of damages below. Because Golden Rule has not prevailed on any of its claims, it is not entitled to attorney fees on appeal.

BAKER and APPELWICK, JJ., concur.

Review denied at 142 Wn.2d 1018 (2001).