[No. 34301-1-II.   Division Two.   May 22, 2007.]

FLOOR EXPRESS, INC., *Respondent,* v. MARGARET P. DALY ET AL., *Petitioners.*

*Jon E. Cushman* and *Benjamin D. Cushman* (of *Cushman Law Offices, PS*), for petitioners.

*Richard L. Ditlevson* (of *Ditlevson Rodgers Dixon, PS*) and *Matthew G. Johnson*, for respondent.

*John S. Riper* (of *Stanislaw Ashbaugh, LLP*) *on behalf of Associated General Contractors*, amicus curiae.

¶1 ARMSTRONG, J. — Margaret Daly subcontracted with Floor Express, Inc., to provide and install flooring at Providence Mother Joseph Care Center (Mother Joseph). Daly withheld a portion of the contract balance from Floor Express and cancelled some work, claiming that Floor Express defectively installed improper flooring. When Floor Express sued Daly to recover the outstanding balance, Daly counterclaimed for the cost of replacing the floor. At the beginning of trial, Floor Express moved to dismiss the counterclaim, arguing that Daly did not have standing to sue for the allegedly defective floor and that Mother Joseph, the only party damaged according to Floor Express, was a necessary party. The trial court granted the motion, and Daly appealed. We reverse, holding that Daly has standing to sue for Floor Express's alleged breach of their contract, that Mother Joseph is not a necessary party to the action, and that Daly has a damages claim because it is liable under its contract with Mother Joseph for the cost of fixing the floor.

## FACTS

¶2 Margaret Daly subcontracted with Floor Express to provide and install flooring materials at Mother Joseph.

¶3 During the remodel, one of Daly's contractors punctured a water pipe, causing damage to the newly installed flooring in the care center's main dining room. Shortly thereafter, Daly contracted with Floor Express to purchase new materials and to have Floor Express reinstall flooring in the main dining room. Floor Express installed the new flooring and billed Daly $4,158.78.

¶4 Before Floor Express finished installing the floor, Mother Joseph asked Daly to cancel the contract, citing problems with Floor Express's work. Daly cancelled its contract with Floor Express and refused to pay for the dining room reinstallation. Daly also cancelled two other outstanding invoices and refused to pay Floor Express's $2,003.70 restocking fee on those invoices.

¶5 Floor Express sued Daly and its bonding company, Colonial American Casualty & Surety Company. Daly counterclaimed for the cost of replacing all of the flooring that Floor Express installed and for the cost of removing and replacing cabinetry that contractors installed over the flooring. Daly alleged damages in excess of $35,000 resulting from Floor Express's breach of contract and misrepresentations.

¶6 Daly and Mother Joseph entered a joint prosecution and defense agreement. Through the agreement, Daly agreed to prosecute, at her own expense, a breach of contract claim against Floor Express, seeking all damages that Floor Express's breaches caused. She also agreed to pay any recovered proceeds to Mother Joseph up to the amount that Mother Joseph had paid her for the floors. Mother Joseph agreed to indemnify Daly from any future claims that a third party may bring related to the floors.

¶7 On the first day of trial, Floor Express moved to dismiss the counterclaim, arguing that Mother Joseph was a necessary party and that Daly had no standing to sue Floor Express for breach since the defective floor and materials injured only Mother Joseph. The trial court allowed Daly time to join Mother Joseph. Daly refused to do so but presented an addendum to the joint prosecution

agreement in which Mother Joseph stated that it intended to hold Daly responsible for the defective floor. The court determined that the agreement did not represent an assignment of Mother Joseph's claims to Daly and again allowed Daly time to join Mother Joseph. When Daly again refused, the trial court granted Floor Express's motion to dismiss.

## ANALYSIS

### I. Breach of Contract

¶8 Floor Express argues that Mother Joseph has neither required Daly to fix the allegedly defective floors nor sought damages from Daly for the allegedly defective floors. Floor Express also argues that Daly and Mother Joseph's agreement, and its addendum, do not require Daly to repair the floors or pay Mother Joseph's cost to repair them. Essentially, Floor Express argues that because any alleged breach of its contract with Daly harmed only Mother Joseph, Daly lacks standing to prosecute the counterclaim.

■ ■ ¶9 A party injured by a breach of contract may recover all damages that accrue naturally from the breach, including any incidental or consequential losses the breach caused. *Panorama Vill. Homeowners Ass'n v. Golden Rule Roofing, Inc.*, 102 Wn. App. 422, 427, 10 P.3d 417 (2000) (citing *Eastlake Constr. Co. v. Hess*, 102 Wn.2d 30, 46, 686 P.2d 465 (1984)). The purpose of expectation damages is to return the injured party to "as good a pecuniary position as [she] would have had if the" breaching party would have performed properly. *Eastlake*, 102 Wn.2d at 39 (citing *Diedrick v. Sch. Dist. No. 81*, 87 Wn.2d 598, 610, 555 P.2d 825 (1976)).

¶10 Daly's counterclaim against Floor Express alleged that Floor Express failed to "perform all work in a workmanlike manner according to standard practices," as their contracts required. Clerk's Papers (CP) at 100. And Daly claims that she will bear the cost of replacing the defective flooring. She also contends that she will incur costs to remove cabinetry before someone can install new flooring

and that she will then incur costs to reinstall the cabinetry. The addendum to Daly and Mother Joseph's agreement states that Daly is liable to Mother Joseph for the full extent of Mother Joseph's damages arising from the allegedly defective flooring. In her declaration, Karen Gormally, Mother Joseph's executive director, stated that "Mother Joseph[ ] seeks the cost to remove the incorrect floor, purchase correct flooring material, and install correct flooring material, and then reinstall all fixtures that must be removed in order to accomplish the above." CP at 595.

¶11 Where a subcontractor breaches its agreement with the general contractor by failing to properly perform the work called for in the agreement, the general contractor's legal exposure to the owner is a consequential damage of the subcontractor's breach if that exposure is a reasonably foreseeable consequence of the breach. *See Crest Inc. v. Costco Wholesale Corp.*, 128 Wn. App. 760, 764, 115 P.3d 349 (2005) (a nonbreaching party may recover damages that are reasonably within the parties' contemplation at the time they made the contract as the probable result of the breach of that contract (quoting *Gagliardi v. Denny's Rests.*, 117 Wn.2d 426, 446, 815 P.2d 1362 (1991))). And if Floor Express installed defective flooring, it could reasonably foresee that Mother Joseph would hold Daly responsible for correcting the problem.

¶12 Because Daly seeks to recover damages for Floor Express's breach of their contract, the trial court erred in ruling that Daly lacked standing or did not sustain damages.

## II. Is Mother Joseph a Necessary and Indispensable Party?

¶13 The trial court determined that Mother Joseph is a necessary party to pursue the counterclaim.

¶14 Under CR 19, a party is a necessary party if joining that party will not deprive the court of subject matter jurisdiction and if

(1) in [the party's] absence[,] complete relief cannot be accorded among those already parties, or (2) [the party] claims an interest relating to the subject of the action and is so situated that the disposition of the action in [the party's] absence may (A) as a practical matter impair or impede [the party's] ability to protect that interest or (B) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of [the party's] claimed interest.

CR 19(a).

¶15 Here, Floor Express sued Daly to recover the balance due under their contract. Floor Express does not claim that Mother Joseph is liable on the contract. Daly counterclaimed that Floor Express breached their contract by failing to "perform all work in a workmanlike manner according to standard practices." CP at 100. Daly does not claim that Mother Joseph is liable for the defective floor. Thus, the claims between Daly and Floor Express arise solely from their contract, which Mother Joseph is not a party to. The court can afford complete relief to Floor Express and Daly without Mother Joseph's involvement in the suit. *See* CR 19(a)(1); *see also Warner v. Design & Build Homes, Inc.*, 128 Wn. App. 34, 43, 114 P.3d 664 (2005) (an owner has no right against the subcontractor in absence of clear words to the contrary because the owner is neither a creditor beneficiary nor a donee beneficiary; rather, the benefit that the owner receives is merely incidental to the contract between the subcontractor and the general contractor (quoting 9 Arthur Linton Corbin, Corbin on Contracts § 779D (Interim ed. 1951))).

¶16 Furthermore, Mother Joseph claims no interest in the action between Daly and Floor Express such that her absence would impede her ability to protect the interest or that would leave either Daly or Floor Express exposed to multiple or inconsistent obligations. And to the extent Mother Joseph has an incidental interest in the claims between Daly and Floor Express, Daly, by virtue of her agreement with Mother Joseph, can protect such interest.

See, e.g., *Crosby v. Spokane County*, 137 Wn.2d 296, 307-09, 971 P.2d 32 (1999) (Board of Commissioners sufficiently represented nonparty landowners' incidental interest in a land use decision where the landowners did not have an interest that was significantly affected by that land use decision). Accordingly, Mother Joseph is not a necessary party to a breach of contract suit between Floor Express and Daly.

### III. Attorney Fees

¶17 Both Daly and Floor Express request attorney fees on appeal under RAP 18.1.

¶18 RAP 18.1(a) allows recovery of attorney fees and costs on appeal "[i]f applicable law grants to a party the right to recover reasonable attorney fees or expenses." Here, the contracts between Floor Express and Daly provide that in "any suit or other action arising out of this proposal, the prevailing party shall recover from the other party, in addition to all court costs and disbursements, reasonable attorney's fees." CP at 171.

¶19 Because Daly is the prevailing party on appeal with respect to the trial court's dismissal of its counterclaim, Daly is entitled to recover from Floor Express the attorney fees that she incurred in bringing this appeal, upon compliance with RAP 18.1(d).

¶20 Reversed.

HUNT and PENOYAR, JJ., concur.