**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| POCO, LLC, a Washington Limited Liability Company, | No. 16-35310 |
| Plaintiff-Appellant, | D.C. No. 4:14-cv-05106-SAB |
| v. | MEMORANDUM[*] |
| FARMERS CROP INSURANCE ALLIANCE, INC., a corporation registered to do business in Washington, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
Stanley Allen Bastian, District Judge, Presiding

Argued and Submitted October 10, 2017
Gonzaga University, Spokane, Washington

Before: GRABER, PAEZ, and CLIFTON, Circuit Judges.

POCO, LLC appeals the district court's order granting summary judgment to

Farmers Crop Insurance Alliance ("FCIA") on POCO's claims for breach of

contract, misrepresentation, and violation of the Washington Consumer Protection

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Act ("CPA"). We review de novo the district court's order granting summary judgment. *Suzuki Motor Corp. v. Consumers Union of U.S., Inc.*, 330 F.3d 1110, 1131–32 (9th Cir. 2003). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.    The district court did not err in rejecting POCO's breach of contract claim. The Mutual Release provides that FCIA, "for itself and for its insurance companies, . . . parent companies, [and] related companies" releases POCO from liability for claims arising out of POCO's claim for indemnity under the 2003 crop insurance policies issued by FCIA. POCO argues that "its insurance companies" includes the Federal Crop Insurance Company and therefore the federal government. We disagree.

Washington follows the "objective manifestation" theory of contract interpretation. *See Hearst Commc'ns, Inc. v. Seattle Times Co.*, 115 P.3d 262, 267 (Wash. 2005). Courts impute an intention corresponding to the reasonable meaning of the words used. *Oliver v. Flow Int'l Corp.*, 155 P.3d 140, 142 (Wash. Ct. App. 2006). The words "its insurance companies" cannot reasonably be interpreted to bind the federal government and prevent the Department of Justice from pursing a criminal prosecution against POCO for events related to the 2003 policies. Furthermore, the subject matter of the General Release covers only

2

"claims against each other arising out of POCO's claim for indemnity under its 2003 federally-reinsured Multiple Peril Crop Insurance (MCPI) and Adjusted Gross Revenue (AGR) policies, and Farmer Alliance's handling and adjustment of said claims." The limited scope of the Release cannot be reasonably read to encompass the criminal charges filed against POCO, which dealt with inflating crop baseline prices to increase eventual payouts on numerous insurance policies. We therefore affirm the district court's grant of summary judgment on the breach of contract claim.

**2.** POCO additionally alleges misrepresentation of a material fact. *See ESCA Corp. v. KPMG Peat Marwick*, 959 P.2d 651, 654 (Wash. 1998) (quoting Restatement (Second) of Torts § 552(1) (1977)). "A precondition for finding liability [for misrepresentation] is knowledge of the facts alleged to have been concealed or not disclosed." *Pope v. Univ. of Wash.*, 852 P.2d 1055, 1063 (Wash. 1993), *as amended by* 871 P.2d 590 (Wash. 1994). Here, POCO has failed to demonstrate a genuine factual dispute whether FCIA knew that POCO was under a criminal investigation. POCO's evidence in support of that proposition stems from a 2004 insurance policy, rather than the 2003 insurance policy at issue in this case. Furthermore, to recover for misrepresentation, a plaintiff must prove reasonable reliance on the purported misrepresentation. *Hawkins v. Empress Healthcare*

*Mgmt., LLC*, 371 P.3d 84, 92 (Wash. Ct. App. 2016) (fraudulent misrepresentation); *Lawyers Title Ins. Corp. v. Baik*, 147 Wash. 55 P.3d 619, 623 (Wash. 2002) (negligent misrepresentation). We agree with the trial court that, as a matter of law, POCO could not have reasonably relied on the purported misrepresentation. *See Hawkins*, 371 P.3d at 92. We affirm the district court's grant of summary judgment on POCO's misrepresentation claim.

**3.** POCO also argues that in settling their dispute over the 2003 insurance policies, FCIA violated Washington's CPA, Wash. Rev. Code § 19.86.020. An essential element of such a claim is that the defendant engaged in an unfair or deceptive act or practice. Wash. Rev. Code § 19.86.093; *see also Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 535 (Wash. 1986). POCO's CPA claim fails because there was no misrepresentation, deception, or unfairness. The terms of the contract were not deceptive, and POCO did not make a showing that there was a genuine dispute over whether FCIA knew about the criminal investigation. Indeed, as the district court noted, "it strains credibility to argue that POCO . . . interpreted the release to include any claims, including criminal, the federal government may have had against POCO." POCO's additional argument that FCIA violated the Insurance Commissioner's regulations

relating to unfair settlement practices, which provide the basis for a CPA claim, fails for the same reason.  *See* Wash. Admin. Code § 284-30-330.

**AFFIRMED.**