
IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| JOHN HARVEY CHAPMAN, and | ) | |
| SALLY CHAPMAN, a married couple; | ) | No. 34917-9-III |
| WAYNE EVANS, a single person, and | ) | |
| JOHN CODELLA, Jr., a single person, | ) | |
| | ) | |
| Respondents, | ) | |
| | ) | UNPUBLISHED OPINION |
| v. | ) | |
| | ) | |
| LESLIE CLOUGH, a single person, | ) | |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Ms. Leslie Clough appeals from a bench trial that quieted title to an easement across her property and prohibits her from blocking use of the easement. We affirm.

FACTS

Ms. Clough was sued by three of her rural Okanogan County neighbors who own land that is primarily located immediately south of her property line. All three of the neighbors purchased their land before Ms. Clough did. Two of the neighbors have deeds expressly acknowledging the existence of a recorded 60 foot easement that runs along the southern boundary of Ms. Clough's parcel. That easement was granted by the original

owner of the parcels.[1]  The deed for the third neighbor, the Chapman family, did not

contain the notice and expressly states that the parcel was landlocked.

The deed Ms. Clough received when she purchased her property in 2006 did not

contain notice of the easement.  However, the deed to her predecessor did contain that

information.[2]  Ms. Clough had a home built on the property.  Her porch faces the

easement; the closest portion of her house is only 2.8 feet away from it.

After she moved on to the property following completion of her house, Ms.

Clough became aware of other traffic using the dirt road across her land.  Although the

neighbors do not live on the land, some of them use their property for recreation or

authorize others to do so for that purpose.  After some un-neighborly behavior by

recreational visitors, Ms. Clough responded by making concerted efforts to block the

easement.[3]

Ultimately, the neighbors sued to quiet title and enjoin infringement of the

easement.  Both sides claimed damages from the other.  The case proceeded to a several

day bench trial before the Honorable Christopher Culp.  Judge Culp also visited the

---

[1] This easement is also the source of Ms. Clough's access to her own property
across the land of her neighbor to the east.

[2] Our record does not indicate why that information was not included in the deed
conveyed to Ms. Clough.

[3] Her brief aptly summarized the case: "This is a case of un-neighborly
neighbors."  Am. Br. of Appellant at 12.

property after hearing the testimony and admitting nearly 80 exhibits into evidence. Ms. Clough represented herself in the trial proceedings.

Judge Culp determined that the recorded easement did continue to burden Ms. Clough's property and was for the benefit of all three of the neighbors' property. He additionally concluded that the Chapmans also had obtained a prescriptive easement of the property by continuous use prior to the easement being blocked. Since the easement now was effectively blocked, Ms. Clough was ordered to construct a new road across her property parallel to the existing easement and was enjoined from blocking access to the easement. The court also determined that others had improperly used the easement and harassed Ms. Clough, but none of those people were identified sufficiently for the court to issue injunctive relief.

A judgment was entered and Ms. Clough, again representing herself, appealed to this court. A panel considered the appeal without hearing argument.

ANALYSIS

This appeal largely attempts to retry the case, with Ms. Clough challenging the court's factual findings and arguing why the evidence supported her theory of the case instead of that of her neighbors. However, it is not the function of this court to consider the evidence anew. Instead, we review the trial court proceedings for prejudicial error in the process by which the case was tried.

Considering the appeal through that lens, Ms. Clough's varied arguments can be reduced to the proposition that substantial evidence does not support the trial court's findings because her evidence was more persuasive. That was an argument that needed to carry the day with the trial court. It did not. It is not in the institutional competence of this court, which does not see and hear witnesses, to decide which evidence to believe.

Many well settled legal propositions govern our consideration of this appeal. A trial to the bench must result in written findings of fact and conclusions of law. CR 52(a)(1). This court reviews a trial court's decision following a bench trial to determine whether substantial evidence supports any challenged findings and whether the findings support the conclusions of law. *State v. Hovig*, 149 Wn. App. 1, 8, 202 P.3d 318 (2009). "Substantial evidence" is sufficient evidence to persuade a fair-minded person of the truth of the declared premise. *Panorama Vill. Homeowners Ass'n v. Golden Rule Roofing, Inc.*, 102 Wn. App. 422, 425, 10 P.3d 417 (2000). Conclusions of law are reviewed de novo. *Robel v. Roundup Corp.*, 148 Wn.2d 35, 42, 59 P.3d 611 (2002). We defer to the trial court's credibility determinations; we will not reweigh evidence even if we would have resolved conflicting evidence differently. *Thorndike v. Hesperian Orchards, Inc.*, 54 Wn.2d 570, 575, 343 P.2d 183 (1959); *Quinn v. Cherry Lane Auto Plaza, Inc.*, 153 Wn. App. 710, 717, 225 P.3d 266 (2009). Stated another way, an appellate court is not in a position to find persuasive evidence that the trier of fact found unpersuasive. *Quinn*, 153 Wn. App. at 717. In determining the sufficiency of evidence, an appellate court need only consider evidence

favorable to the prevailing party. *Bland v. Mentor*, 63 Wn.2d 150, 155, 385 P.2d 727 (1963).

Our review of trial court evidentiary decisions likewise is governed by well settled law. A trial court's decision to admit or exclude evidence is reviewed for abuse of discretion. *Thomas v. Wilfac, Inc.*, 65 Wn. App. 255, 262, 828 P.2d 597 (1992). Discretion is abused when it is exercised on untenable grounds or for untenable reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

With these standards in mind, we now turn to Ms. Clough's challenges. She assigns error to most of the trial court's findings. However, her legal argument concerning why the findings are erroneous focuses on the allegedly biased or unpersuasive evidence supporting the findings. As noted previously, this court does not weigh evidence or decide what is believable and what is not. *Quinn*, 153 Wn. App. at 717. Instead, our review is simply to see that there was evidence from which the trial court could have made the findings that it did. The nature of Ms. Clough's challenge to this evidence essentially concedes that point—each of the challenged findings was supported by some testimony or documentary evidence. Whether or not this court should believe that testimony or evidence is an irrelevancy. The question is whether the trial court could have done so. It could and it did. Therefore, the findings are sufficient.

Ms. Clough also raises several evidentiary challenges, but these, too, fail for similar reasons.[4] Illustrative are her challenges to exhibits admitted during the testimony of a professional land surveyor, Mr. Gary Erickson. Report of Proceedings (RP) at 192 *et seq*. Her arguments essentially complain that the exhibits he created were not trustworthy because they were prepared for litigation. However, the question of authenticity turns on proof that the exhibits are what the proponent claims they are. ER 901(a). In the case of exhibits 24, 25, and 26, Mr. Erickson explained what each one was and how he created them. RP at 194-197, 199-203. The trial court was satisfied with the explanation that each document was what it purported to be. The authenticity requirement of ER 901 was satisfied. More importantly, the exhibits were relevant to determine the location of the easement across the property and illustrate for the trial judge the nature of the problems at hand. Being relevant, they were admissible. ER 401, 402.

These were tenable reasons for admitting these exhibits. There was no abuse of discretion.[5]

---

[4] It does not appear that many of these challenges were preserved for appeal, but we need not decide that issue in light of the fact that they also fail legally.

[5] Ms. Clough also argues that the court erred by excluding some of her proposed exhibits. Her claims fail as she has not demonstrated in her briefing that the trial court erred in its rulings and that the errors were sufficiently prejudicial that a new trial is required. For instance, she argues that the court erred in excluding exhibit 56, a Facebook page from the account of Ryan Burkett, one of those she alleged harassed her. She did not have Mr. Burkett testify and confirm the authenticity of the posting. Absent that foundation, the exhibit was not admissible. ER 901(a). Her other challenges have similar deficiencies.

The heart of this case, however, involves the trial court's conclusions of law that confirm the existence of the written easement and the right of the plaintiffs to use it. The declaration creating the easement is on file with Okanogan County and was admitted at trial as exhibit 8. Schedule B to that document, which is incorporated into the declaration of easement, contains a map indicating both the lands in question and the approximate location of the easements.

The key to the declaration is paragraph 5 on the second page of the document which expressly declares that the easements are "perpetual, and assignable, and shall be appurtenant to and run with the Real Property." The grantor also reserved the right to use the easement and "to grant use of said easements to all parties who now are or shall hereafter become owners" as well as to utility providers.

The first of the quoted provisions was more than adequate to burden Ms. Clough's property with a perpetual easement that would run with the land. 17 WILLIAM B. STOEBUCK & JOHN W. WEAVER, WASHINGTON PRACTICE: REAL ESTATE PROPERTY LAW § 3.2 *et seq.*, at 125-165 (2d ed. 2004); *see generally*, William B. Stoebuck, *Running Covenants: An Analytical Primer*, 52 WASH. L. REV. 861 (1977). The beneficiaries likewise are identified by the second quoted provision from paragraph 5: "all parties who now are or shall hereafter become owners." The land in question is similarly identified by schedule B, a map of the grantor's property. All three of the plaintiff families purchased lots from the original grantor or its successors, just as Ms. Clough did. All

four of those property owners are beneficiaries of the easement. The trial court correctly determined that the three plaintiff families (and their successors) held the right to use the easement by virtue of the original declaration of easement.[6]

Ms. Clough's arguments to the contrary are without merit. Her neighbors could not have abandoned the easement, although they could have entered into an agreement with her to remove it in part if they were so inclined. Similarly, she was powerless to alter the easement on her own since she was not the grantor of that easement. She, too, was dependent upon the eastern portion of the easement to reach her own property and has an incentive not to jeopardize the existing declaration.

In sum, the trial court correctly determined that the plaintiffs had the right to use the existing perpetual easement and did not err in requiring Ms. Clough to create an alternate route around the obstacles she created. Ms. Clough may have been unaware of the existence of the easement when she purchased her property, but she now is aware and will have to avoid hindering her neighbors' use and enjoyment of the easement. They, in turn, will have to work cooperatively with her to maintain the easement if they are to make full use of it. Moreover, further "un-neighborly" activity will have to end. Anti-harassment and no-contact orders are readily available to prevent future harassment. It

---

[6] In light of this conclusion, we need not address Judge Culp's alternative conclusion that the Chapmans also obtained a prescriptive easement over the property, nor need we consider Ms. Clough's arguments against that conclusion.

would be a hollow victory to have clarified the right to use the easement and then lose

the right because of the restraining provisions of an anti-harassment order. Anyone

foolish enough to post wrongdoing on the internet could swiftly find it used against him

in a future proceeding. The time for litigation has now ended. Cooperation must be the

new theme of the future.

The judgment of the trial court is affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Fearing, J.

_____
Siddoway, J.

9